Kirkpatrick O. J.
This is an action by the endorsee against the endorser, of a promissory note. The plaintiff, in his declaration, sets forth, that one Blackwood made the note in question, to the defendant, Estdl, dated December 6tli, .1813, payable in ten days after date, for $111.49 ; and that before the day of payment, to wit, on the day of the date thereof, Estell endorsed it to him. And he then expressly avers, that after the end and expiration of the ten days, appointed for the payment thereof, to wit, on the lsf January, 1814, he presented it to Blackwellfor payment, which was refused.
The plaintiff cannot maintain his judgment upon this declaration. He has set forth in his declaration, that the note was endorsed on the day of its date, and having done so, it was essential that he should have gone further ; that he should have set forth, also, and likewise proved, at the trial, that ho had demanded payment of the maker, when it became due ; that the same had been, refused, and that he had given notice of such demand and refusal, to the endorser. Instead of that, he expressly declares, he did not present the note for payment, till January 1, 1814, ten days after its maturity; nor does he allege, that even then, he gave notice of such demand and refusal to the defendant.
He would have excused himself at the trial, from this necessity, by alleging, contrary to his declaration, that the note was really and in truth endorsed, not on the day of its date, but after it became due, and that therefore, he could not make such demand and give such notice. The court below, permitted him to give evidence of this fact, and'there was a bill of exception taken, which is one of the grounds assigned for error here.
It was certainly a mistake, to permit the plaintiff to prove a train of facts, directly in the face of his own declaration. This was the very pivot upon which his right oí action turned ; and to suffer him to set forth one thing in his declaration, and to prove directly the reverse at the trial, would be breaking down the *whole theory of pleading; it would be taking tlie defendant unaware, unapprized of the complaint against him, and of course unprepared to meet it.
*908 Both because the declaration does not contain a lawful of action, therefore, and because the court admitted unlawful evidence,
Let the judgment be reversed.